Ex parte Carrillo, Apelante, *v.* El Pueblo, Opositor y Apelado.

Apelación procedente de la Corte de Distrito de Guayama.

No. 608.—Resuelto en mayo 19, 1913.

Habeas Corpus—Doble Condena—Trabajos Forzados—Costas.—La sentencia por delito de hurto de menor cuantía que impone al peticionario multa de $200 y costas y seis meses de cárcel con trabajos forzados no envuelve doble condena ni es nula o contraria a la ley, pues la corte sentenciadora estaba autorizada para hacer tales pronunciamientos por los artículos 431 del Código Penal y 324 del Código de Enjuiciamiento Criminal enmendado por la ley de marzo 8, 1906, y por la ley de marzo 9, 1911, sobre imposición de costas en casos criminales.

Id.—Delito Probado en el Juicio.—En un procedimiento de *habeas corpus* no cabe considerar si el hecho probado en el juicio no fué un delito de hurto, sino de daños maliciosos, pues tal cuestión debe discutirse en la apelación contra la sentencia.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El apelante no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente caso se originó en la Corte de Distrito del Distrito Judicial de Guayama a virtud de petición de *habeas corpus* de Francisco Carrillo, que después de tramitada en la forma correspondiente, fué resuelta el 23 de abril próximo pasado en el sentido de que el peticionario no era acreedor a la excarcelación solicitada y debía continuar preso, contra cuya resolución interpuso aquél recurso de apelación para ante esta Corte Suprema.

Sostiene el apelante que su prisión es ilegal y al efecto alega:

(*a*) Que los hechos según fueron consignados en la denuncia y resultaron probados en el juicio, no constituyen delito público.

(*b*) Que los hechos que le fueron imputados aun cuando hubieran sido ejecutados por él mismo, no constituirían delito de hurto de menor cuantía por el cual fué juzgado y sentenciado, sino un delito de daños maliciosos.

(*c*) Que la sentencia es nula y contraria a la ley puesto que se le imponen dos condenas una de $200 de multa y costas y la otra de seis meses de cárcel y trabajos forzados.

El apelante no tiene derecho a la excarcelación que solicita.

En la denuncia se imputa al acusado el hecho que en agosto 28 de 1912 a las 5½ de la tarde en el barrio Palmas Atlas de Guayama, del distrito judicial municipal del mismo nombre, voluntaria y maliciosamente y con intención criminal, sustrajo de la finca de Orlando Porrata un lechón propiedad de Maximino Saunión, valorado en $1.50, cuyo lechón estaba al cuidado del denunciante Jesús Cruz, empleado de Saunión, habiendo privado a éste del referido lechón, el que destinó a su uso particular.

El acusado fué·condenado por sentencia de 18 de noviembre de 1912 como·culpable del delito de hurto de menor cuantía a "la pena de $200 de multa y las costas y seis meses de cárcel con trabajo·forzado."

Los hechos relatados en la denuncia constituyen un delito público, que es el de hurto de menor cuantía, definido en el artículo 426 del Código Penal y castigado en el 431 con multa máxima de $500 o cárcel por un término máximo de un año o ambas penas'a discreción del tribunal.

La sección 3ª. de la ley de 8 de marzo de 1906 para derogar el artículo 323 del Código de Enjuiciamiento Criminal, enmendar el artículo 324 de dicho código y para otros fines, ordena que siempre que una persona fuere convicta de un delito menos grave ·y sentenciada a prisión en una cárcel de distrito por un período que exceda de 90 días, la corte podrá a·su arbitrio disponer que se le ponga a trabajar en obras públicas durante el período de su encarcelación.

Y la ley de 9 de marzo de 1911 sobre imposición de costas ·en·casos criminales ordena que cuando un fallo condenatorio sea dictado por cualquier corte contra un acusado o acusados en un caso criminal, las costas devengadas en el caso deberán ser impuestas a dicho acusado o acusados como una parte de la sentencia de la corte.

Tenemos, pues, que además de constituir los hechos imputados al apelante un delito público y de ser ese delito un hurto de menor cuantía, fué impuesta a aquél por el juez, la pena que podía imponerle con arreglo a los preceptos legales de que dejamos hecho mérito. Y no hubo dos condenas, sino una sola.

No cabe considerar en el presente recurso si el hecho probado en el juicio no fué un delito de hurto sino de daños maliciosos; esa cuestión pudo ser materia de un recurso de apelación y no de un procedimiento de *habeas corpus*.

Procede desestimar el presente recurso y confirmar la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.